Model Plan  
11/22/2013

Trustee: ☑ Marshall  ☐ Meyer  
☐ Stearns  ☐ Vaughn

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: ) | Case No. **15-41774** |
| ) | |
| **Lamart Clay** ) | |
| ) | |
| Debtors. ) | Original Chapter 13 Plan, dated January 6, 2016 |

☑ **A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**

**Section A.**  
*Budget items*

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is **5**; (b) their ages are **4 Adults & 1 Minor Child**; (c) total household monthly income is $ **18,115.43**; and (d) total monthly household expenses are $ **12,600.89**, leaving $ **5,514.54** available monthly for plan payments.

2. The debtor's Schedule J includes $ **1,000.00** for charitable contributions; the debtor represents that the debtor made substantially similar contributions for **24** months prior to filing this case.

**Section B.**  
*General items*

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**Section C.**
*Direct payment of claims by debtor*

☐ The debtor will make no direct payments to creditors holding prepetition claims. /or/

☑ The debtor will make current monthly payments, as listed in the debtor's Schedule J-- increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor: __Private Lending Group__ , monthly payment, $ __500.00__

**Section D.**
*Payments by debtor to the trustee; plan term and completion*

1. *Initial plan term.* The debtor will pay to the trustee $ __1,055.00__ monthly for __60__ months [and $ ___ monthly for an additional ___ months], for total payments, during the initial plan term, of $ __63,300.00__ . [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ☑ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/
☐ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
*Disbursements by the trustee*

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees.* Payable monthly, as authorized; estimated at **5.00**% of plan payments; and during the initial plan term, totaling $ __3,165.00__ . [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

**-NONE-**

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ __0.00__ . [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor): **(Except as stated in Section G. below.)**

**-NONE-**

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $__0.00__. [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.* The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority. No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
**-NONE-**

4. *Priority claims of debtor's attorney.* Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $__0.00__. [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears.* Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.
**-NONE-**

6. *Allowed priority claims other than those of the debtor's attorney.* Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $__33,000.00__. [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim.* A special class consisting of the following non-priority unsecured claim:___-NONE-___ shall be paid at ___N/A___% of the allowed amount. The total of all payments to this special class is estimated to be $___N/A___. [Enter this amount on Line 2g of Section H.]

Reason for the special class: _____N/A_____.

8. *General unsecured claims (GUCs).* All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ☑ in full, /or/ ☐ to the extent possible from the payments set out in Section D, but not less than ___N/A___% of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

9. *Interest.* ☑ Interest shall not be paid on unsecured claims /or/ ☐ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of ___N/A___% [Complete Line 4d of Section H to reflect interest payable.]

**Section F.**  The trustee shall pay the amounts specified in Section E of this Plan in the following order
*Priority*  of priority, with claims in a given level of priority reduced proportionately in the event of
insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims

**3**

| | |
|---|---|
| | listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims. |
| **Section G.** *Special terms* | Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A. |

**Section H.** *Summary of payments to and from the trustee*

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D)      $ **63,300.00**

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):
 (a) Trustee's fees      $ **3,165.00**
 (b) Current mortgage payments      $ **0.00**
 (c) Payments of other allowed secured claims      $ **0.00**
 (d) Priority payments to debtor's attorney      $ **0.00**
 (e) Payments of mortgage arrears      $ **0.00**
 (f) Payments of non-attorney priority claims      $ **33,000.00**
 (g) Payments of specially classified unsecured claims      $ **0.00**
 (h) Total *[add Lines 2a through 2g]*      $ **36,165.00**

(3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]*      $ **27,135.00**

(4) Estimated payments required after initial plan term:
 (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a)      $ **27,106.00**
 (b) Minimum GUC payment percentage      **100** %
 (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]*      $ **27,106.00**
 (d) Estimated interest payments on unsecured claims      $ **0.00**
 (e) Total of GUC and interest payments *[add Lines 4c and 4d]*      $ **27,106.00**
 (f) Payments available during initial term *[enter Line 3]*      $ **27,135.00**
 (g) Additional payments required *[subtract Line 4f from Line 4e]*      $ **-29.00**

(5) Additional payments available:
 (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee      $ **N/A**
 (b) Months in maximum plan term after initial term      **N/A**
 (c) Payments available *[multiply line 5a by line 5b]*      $ **N/A**

**Section I.** *Payroll Control*    ☐ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G.

**Signatures**   Debtor(s) [Sign only if not represented by an attorney]

|  |  | Date |
| --- | --- | --- |
| **Debtor's Attorney** | /s/ Charles L. Magerski | Date January 6, 2016 |

*Attorney Information (name, address, telephone, etc.)*

**Charles L. Magerski**
**Sulaiman Law Group, Ltd.**
**900 Jorie Boulevard**
**Suite 150**
**Oak Brook, IL 60523**
**630-575-8181**
**Fax: 630-575-8188**

**Special Terms** *[as provided in Paragraph G]*

**Special Intentions:**

1. Debtor is surrendering the real property located at 3344 Willow Lane, Markham, Illinois to Carrington Mortgage and Nationstar Mortgage LLC, in full satisfaction of their claims.

2. Debtor shall make direct payments to Great Lakes Credit Union for the 2014 Honda Accord LX. Great Lakes Credit Union is authorized to send monthly statements directly to the Debtor.

3. Unsecured claims filed after the claim bar date shall not be paid by the Chapter 13 Trustee.

4. Debtor shall assume the leases with Crystal Childs and Venkat Thota.

United States Bankruptcy Court
Northern District of Illinois

In re:                                                                         Case No. 15-41774-TAB
Lamart Clay                                                                    Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0752-1          User: dgomez                Page 1 of 2                Date Rcvd: Jan 08, 2016
                              Form ID: pdf001             Total Noticed: 48

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 10, 2016.
```
db            +Lamart Clay,    3344 Willow Lane,    Markham, IL 60428-2736
24011721      +Activity Collection Se,    664 N Milwaukee Avenue,    Prospect Heights, IL 60070-2300
24011722      +Capital One,    Attn: Bankruptcy,    Po Box 30285,   Salt Lake City, UT 84130-0285
24011724      +Capital One, N.A.,    1680 Capital One Drive,    Mc Lean, VA 22102-3407
24011725      +Carrington Mortgage,    1610 E Saint Andrew Place Sutie B150,    Santa Ana, CA 92705-4931
24011726      +Central Financial Control,    Po Box 66044,    Anaheim, CA 92816-6044
24011727      +Chase,    ATTN: Bankruptcy Department,    P.O. Box 15298,    Wilmington, DE 19850-5298
24011728      +Chase,    3415 Vision Drive,    Mail Code OH4-7142,    Columbus, OH 43219-6009
24011729      +Chase Card Services,    Attn: Correspondence Dept,    Po Box 15298,    Wilmington, DE 19850-5298
24011730      +Chi Health Midlands,    11111 S 84th Street,    Papillion, NE 68046-4122
24011731      +Citibank,   Citicorp Credit Services,    Po Box 790040,    Saint Louis, MO 63179-0040
24011732       Citicorp Credit Services,    ATTN: Internal Recovery; Centralized Bk,    P.O. Box 790034,
                Saint Louis, MO 63179-0034
24011733      +Credit Management Cont,    Attn: Bankruptcy Dept,    Po Box 118288,    Carrollton, TX 75011-8288
24011734      +Credit Management Control,    Attn: Bankruptcy Dept,    Po Box 118288,
                Carrollton, TX 75011-8288
24011737      +Dept Of Education/Navient,    Attn: Claims Dept,    Po Box 9400,    Wilkes Barr, PA 18773-9400
24011738      +Deutsche Bank National Trust Co,    c/o Ocwen Loan Servicing LLC,    PO Box 24605,
                West Palm Beach, FL 33416-4605
24011739      +Deutsche Bank National Trust Company,    1761 East Street Andrew Place,
                Santa Ana, CA 92705-4934
24011740       Equifax Information Services, LLC,    1550 Peachtree Street NW,    Atlanta, GA 30309
24011741      +Experian Information Solutions, Inc.,    475 Anton Boulevard,    Costa Mesa, CA 92626-7037
24011742      +Freedman Anselmo Lindberg,    1771 W. Diehl, Suite 150,    PO Box 3228,
                Naperville, IL 60566-3228
24011744      +GLCU,    Attn: Bankruptcy,    2525 Green Bay Road,    North Chicago, IL 60064-3012
24011743      +General Service Bureau,    8429 Blondo Street,    Omaha, NE 68134-6200
24011748      +Great Lakes Credit Union,    Collections Department,    1 Corporate Drive, #360,
                Lake Zurich, IL 60047-8945
24011751      +Illiana Financial Credit,    1600 Huntington Drive,    PO Box 1249,    Calumet City, IL 60409-1249
24011752      +JPMorgan Chase,    270 Park Avenue,    New York, NY 10017-2014
24011753      +Just Energy,    900 Oakmont Lane,    Westmont, IL 60559-5530
24011754      +Kurtz Augenlight LLP,    123 W. Madison, #700,    Chicago, IL 60602-4623
24011755      +MCSI -Municipal Collection Services, Inc,    7330 College Drive,    Suite 108,
                Palo Heights, IL 60463-1186
24011756      +MCSI Inc,    7330 College Drive, Suite 108,    Palos Heights, IL 60463-1186
24011757      +MCSI Inc,    Po Box 327,    Palos Heights, IL 60463-0327
24011759      ++NATIONSTAR MORTGAGE LLC,    PO BOX 619096,    DALLAS TX 75261-9096
               (address filed with court:  Nationstar Mortgage LLC,    Attn: Bankruptcy,    350 Highland Drive,
                Lewisville, TX 75067)
24011758      +Nationstar Mortgage LLC,    8950 Cypress Waters Boulevard,    Coppell, TX 75019-4620
24074819      +Robert Thies DDS,    c/o Activity Collection Service,    664 Milwaukee Ave,
                Prospect Heights IL 60070-2300
24011761      +Robert Thies DDS,    16906 Oak Park Avenue,    Tinley Park, IL 60477-2720
24011762       Security Service Federal Credit Union,    281 North,    Wheeler,    Wheeler, IN 46393
24011763      +Trans Union LLC,    P.O. Box 2000,    Chester, PA 19022-2000
24011764      +Village Of Flossmoor,    2800 Flossmoor Road,    Flossmoor, IL 60422-1186
24011765      +Village of Riverdale,    157 W 144th Street,    Riverdale, IL 60827-2707
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
24011723      +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Jan 09 2016 00:42:48      Capital One, N.A. *,
                c/o American Infosource,    P.O Box 54529,    Oklahoma City, OK 73154-1529
24011735      +E-mail/Text: bkcy@creditmgt.com Jan 09 2016 00:38:17      Credit Management Control,
                200 S. Monroe Avenue,    Green Bay, WI 54301-4059
24011736      +E-mail/Text: electronicbkydocs@nelnet.net Jan 09 2016 00:38:38      Department of Education,
                121 S. 13th Street,    Lincoln, NE 68508-1904
24011738      +E-mail/Text: milly.mitchell@ocwen.com Jan 09 2016 00:39:52      Deutsche Bank National Trust Co,
                c/o Ocwen Loan Servicing LLC,    PO Box 24605,    West Palm Beach, FL 33416-4605
24011745      +E-mail/Text: collectionsbk@glcu.org Jan 09 2016 00:38:37      Great Lakes Cr Un,
                2525 Green Bay Rd,    North Chicago, IL 60064-3012
24011747      +E-mail/Text: collectionsbk@glcu.org Jan 09 2016 00:38:37      Great Lakes Credit Union,
                2525 Green Bar Road,    North Chicago, IL 60064-3012
24011746      +E-mail/Text: collectionsbk@glcu.org Jan 09 2016 00:38:37      Great Lakes Credit Union,
                2525 Green Bay Road,    North Chicago, IL 60064-3012
24044387      +E-mail/Text: collectionsbk@glcu.org Jan 09 2016 00:38:37      Great Lakes Credit Union,
                P O BOX 1289,    Bannockburn, IL 60015-6004
24011749      +E-mail/Text: bkynotice@harvardcollect.com Jan 09 2016 00:39:58      Harvard Collection,
                Harvard Collection Services,    4839 N Elston Avenue,    Chicago, IL 60630-2589
24011750      +E-mail/Text: bkynotice@harvardcollect.com Jan 09 2016 00:39:58
                Harvard Collection Services, Inc.,    4839 N. Elston Avenue,    Chicago, IL 60630-2589
24011760      +E-mail/PDF: pa_dc_claims@navient.com Jan 09 2016 00:35:12      Navient,    PO Box 9635,
                Wilkes Barre, PA 18773-9635
                                                                                              TOTAL: 11
```

```
District/off: 0752-1           User: dgomez              Page 2 of 2                  Date Rcvd: Jan 08, 2016
                               Form ID: pdf001           Total Noticed: 48
```

         ***** BYPASSED RECIPIENTS (continued) *****

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 10, 2016                                     Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 7, 2016 at the address(es) listed below:
              Charles L. Magerski    on behalf of Debtor 1 Lamart   Clay Cmagerski@sulaimanlaw.com,
               courtinfo@sulaimanlaw.com;bkycourtinfo@gmail.com;ECFNotice@sulaimanlaw.com;mbadwan@sulaimanlaw.com;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexpress.info
              Marilyn O Marshall     courtdocs@chi13.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
              Steven C Lindberg    on behalf of Creditor    Deutsche Bank National Trust Company, as Trustee, for
               Carrington Home Equity Loan Trust, Series 2005-NC4 Asset-Backed Pass-Through Certificates
               bankruptcy@fallaw.com
                                                                                               TOTAL: 4